United States v. Carrasquillo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RAYMOND J. LOHIER, JR.,
                      *Circuit Judges*.

―――――――――――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

                                          *Appellee-Petitioner*,

             -v-                                    10-4051-cr

RICHARD CARRASQUILLO,

                                          *Defendant-Appellant*.

―――――――――――――――――――――――――――――――――――――――

Appearing for Appellee:     Marcia S. Cohen, Justin S. Weddle (Assistant United States Attorneys, of counsel) *for* Preet Bharara, United States Attorney for the Southern District of New York.

Appearing for Appellant:     Laurie S. Hershey, Manhasset, NY.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Petitioner Richard Carrasquillo pleaded guilty to one count of conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) and one count of robbery in violation of 18 U.S.C. §§ 1951(a) and 2. He was sentenced principally to 151 months' imprisonment. Petitioner now appeals from his July 8, 2010 sentence. On appeal, petitioner asserts there was procedural error in the district court's imposition of sentence and that the sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

Petitioner argues that the district court's consideration of two non-qualifying felony convictions in its decision to apply the career offender enhancement, pursuant to U.S.S.G. § 4B1.1(a), was procedural error. "A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (internal citations omitted). There was no error here. The record reflects that the district court understood petitioner's two 2007 convictions to be non-qualifying prior felony convictions under U.S.S.G. § 4B1.2(c). That the district court considered them in its discretion when deciding whether or not to impose the career offender enhancement, which indisputably applies to petitioner, was not error.

As to appellant's challenge to his sentence as substantively unreasonable, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case. We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal citation and quotation marks omitted) (emphasis in original). Because the sentence here was within the range of permissible decisions, the district court's decision did not constitute an abuse of discretion, and we decline to disturb it.

We have examined the remainder of petitioner's arguments and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2